[Civil No. 609.  Filed October 1, 1898.]

[54 Pac. 584.]

HENRY HUNING, Plaintiff and Appellant, v. J. E. PORTER et al., Defendants and Appellees.

I. IRRIGATION—APPROPRIATION — ACTIONS — PRIORITIES — DECREE—PRORATING.—In an action to determine relative rights to the use of water from a common source for irrigation, where the decree speci-

fies the several rights, and that one right is prior to another, it is error for the court to decree that in seasons of scarcity the water shall be prorated.

2. SAME—SAME—SAME—SAME—FINDINGS—SUFFICIENCY OF WATER FOR ALL—IMMATERIAL.—A finding in an action to determine relative rights to the use of water that up to the time of the filing of the complaint there had been sufficient water at all times in the common source for plaintiff and defendant is immaterial, as that fact furnishes no assurance that there will continue to be such sufficiency; and when the relative priorities in which the rights exist are determined, it is immaterial whether or not the stream furnishes a sufficiency for all.

3. COSTS — IRRIGATION — ACTIONS — COMPENSATION OF WATER COMMISSIONER—EACH PARTY TO PAY HIS OWN COSTS—DISCRETION OF TRIAL COURT—APPEAL AND ERROR—REVIEW.—The compensation of water commissioner goes as a matter of costs. Costs are by statute placed largely in the discretion of the court, and the order that each party pay his own costs will be permitted to stand, as this court will not review the action of the lower court in the disposal of costs unless in a case of evident and gross abuse of such discretion.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Navajo. J. J. Hawkins, Judge. Modified.

T. W. Johnston, for Appellant.

Herndon & Norris, for Appellees.

This action was a chancery or equity proceeding, and it is universally held that in such proceedings allowance or disallowance of costs is discretionary, and not the subject of error, and, whether they are granted or withheld, are but as incidents to and no part of the relief sought. *Cowles* v. *Whitman,* 10 Conn. 121, 25 Am. Dec. 60; *Bank of Utica* v. *Mersereau,* 3 Barb. Ch. 528, 49 Am. Dec. 189; *Gray* v. *Dougherty,* 25 Cal. 267; *Stocker* v. *Hutter,* 134 Pa. St. 19, 19 Atl. 566.

DOAN, J.—This action was instituted on June 19, 1894, in Apache County, and was tried on December 4, 1895, in what was then Navajo County. The action was brought by plaintiff, Huning, to enjoin the defendants from the use of the waters of Show Low Creek. There were at the institution of the suit certain affidavits filed in support of the petition, and

a bond furnished, upon which a temporary injunction was issued forbidding defendants from using or diverting any of the waters of Show Low Creek proper, or any of the tributaries thereof, upon the plaintiff's claim that he was entitled to the entire flow of the stream, as being the first appropriator thereof for the purpose of irrigation. There were several separate defendants, who set up several separate defenses, each claiming the right to the use of a certain portion of the waters of said creek or its tributaries. At the institution of the suit only a part of the residents on the creek and users of water therefrom were made defendants, but afterwards all of the inhabitants living above plaintiff and appellant on Show Low Creek who had been cultivating lands and using water and whose rights would be affected were brought in and made parties defendant, in order that the complete adjudication of the rights of all of the parties concerned might be had. The defendants had been cultivating several different tracts of ground, aggregating an entire acreage of about three hundred acres, having begun the cultivation of the several tracts at different times during the previous eight years; while the plaintiff (and appellant) was cultivating about one hundred acres, which had been in continuous cultivation by himself or his predecessor and grantor since 1874. Upon the trial of the case, eighteen issues were submitted to the jury, on which the jury returned their special findings on December 10, 1895. The court thereupon found and filed findings of fact, and entered a decree and judgment in conformity therewith, from which judgment and the order denying a new trial the plaintiff appealed, and brings the case to this court. The findings and decree were quite voluminous, and there were many issues decided affecting the several defendants and their several rights relative to the plaintiff and appellant herein; but the only questions that will be considered by this court will be those that have been raised by the assignments of error on the part of the appellant.

The jury found: First, that the plaintiff and his grantor were the first in point of time to divert and use for purposes of irrigation the waters of Show Low Creek; second, that the time of such diversion, appropriation, and use was in 1874; third, that plaintiff had at the time of trial ninety-four acres of land under irrigation and cultivation, and that it would

require fifty-nine miners' inches of water to irrigate it; fourth, that defendants had prior to June 19, 1894, interfered with and interrupted the use by plaintiff of the amount of water necessary to properly irrigate his said land; fifth, that none of said defendants had for five years continuously prior to the bringing of this suit, June 19, 1894, enjoyed the uninterrupted use of said water adverse to the plaintiff; sixth, that plaintiff had continuously irrigated about ninety-four acres of land since his residence upon it; seventh, that the Scott Brothers were at the time of the suit cultivating and irrigating from the waters of Show Low Creek sixty and three fourths acres, which would require to properly irrigate said land about thirty-seven miners' inches.

The court, from the findings of the jury and the evidence introduced in the case, found, among others, the following facts: First, that the first actual appropriation of the waters of Show Low Creek was made some time in the year 1874, by the predecessors of Henry Huning in the occupancy of the land now occupied by him, and who are grantors to him of his right to occupy and possess said land; that said appropriation of said water was actual, and accompanied by the construction of proper ditches and flumes, and had continued without legal interruption from that date until the time of trial, the same ditches and flumes in the same places as now being then used for the irrigation of the same land now occupied by and in the possession of the said Henry Huning, as described in his complaint in the case on trial; second, that plaintiff, Henry Huning, is cultivating ninety-four acres of land susceptible of irrigation, and which have been irrigated by plaintiff and his grantors from the waters of Show Low Creek; and that fifty-nine miners' inches of water are required to properly irrigate the same; third, that said defendants R. and J. Scott are, of all the parties to this action, entitled to the second right to use the waters of the said creek for domestic and irrigating purposes, and are in possession of and cultivating sixty and three-fourths acres of land susceptible of irrigation, and which have been irrigated by the waters of Show Low Creek, requiring thirty-seven miners' inches of water to properly irrigate the same; that it is not intended to find that plaintiff and defendants R. and J. Scott have any priority of right to the waters of said creek, but there has at all times

been sufficient water in said creek for plaintiff and said R. and J. Scott; fourth, that no one has had with the knowledge and acquiescence of the said plaintiff the open, peaceable, continuous use, adverse to said plaintiff, of any of the waters of said Show Low Creek which were required and needed by plaintiff for the irrigation of the said land, for more than five years consecutively preceding the date of this action—to wit, June 19, 1894.

The judgment of the court, based upon the foregoing findings of the court and jury, contained, among others, the following decretal provisions: "(A) That all the parties to this action to whom is accorded and adjudged the right to use the waters of said creek are hereby required to properly prepare the soil, and to use the waters of said creek in the most economical manner possible; (B) That said Henry Huning and defendants R. and J. Scott do have the first right to the use and enjoyment of the waters flowing in said creek during the irrigating season; that the said Henry Huning do have the first right to the use and enjoyment of the waters flowing in said creek during the irrigating season for the irrigation of 94 acres of land now occupied and possessed by him, as aforesaid, in his said complaint, to the extent of 59 miners' inches of such water as hereinbefore defined; and that each of said defendants, their agents, attorneys, and employees are hereby perpetually enjoined from diverting the waters of said creek in such a manner as to in any wise interfere with or interrupt the enjoyment of said first right to the use thereof during the irrigating season, as aforesaid, which is herein decreed to said plaintiff, Henry Huning; (c) That the said defendants R. and J. Scott do have and enjoy the second right to the use of the waters of said creek for the purpose during the irrigating season of irrigating the sixty and three fourths acres of land now possessed by them, and in their answer described, to the extent of 37 miners' inches of water, as is hereinbefore defined, and that all the parties to this suit, and their agents, attorneys, and employees, are hereby perpetually enjoined from so diverting the waters of said creek during the irrigating season as to in any wise interrupt or interfere with their enjoyment of such right herein decreed to said R. and J. Scott; that neither plaintiff, Henry Huning, nor defendants R. and J. Scott shall have priority of right to the use of the

waters of said Show Low Creek, as above provided, but that they are entitled to prorate the flow of said stream in the above proportion in case of scarcity or failure in the flow thereof, so that each should fail to get, respectively, 59 and 37 miners' inches; (D) That said J. E. Porter do have and enjoy the third right to the use of water flowing in the east fork of said creek for the purpose of irrigating 44 acres of land now possessed by him to the extent of 27 miners' inches, as herein defined; that all the parties to this action, their agents, attorneys, and employees are hereby perpetually enjoined from diverting the use of said east fork during the irrigating season so as to interfere with or interrupt in any wise the enjoyment by said J. E. Porter of the right to use said water during said irrigating season herein decreed to him. If at any time said J. E. Porter shall show the court that he is in need of water, that plaintiff and said R. and J. Scott are getting more water under this decree than is required for their crops, then he may apply to this court or the judge thereof, as herein provided, for all necessary relief. . . . (G) That the $100 due to said William Whipple for services rendered as water commissioner be paid by the parties to this suit in the following proportion, —to wit, one half by said Henry Huning, and one half by said defendants R. and J. Scott and J. E. Porter; and that unless the same be paid within thirty days from the date hereof, that execution issue for any balance due thereon in favor of said William Whipple against each and all of the parties owing said balance; (H) That each party to this suit pay his own costs.''

The errors assigned by plaintiff are four, as follows: First, that the court erred in its judgment and decree rendered, in placing the defendants R. and J. Scott on a parity with the plaintiff in the use of the water awarded to them, when both the evidence introduced at the trial and the findings of the jury show that plaintiff, Henry Huning, is and was entitled to the prior right to the use of the water decreed him over said defendants R. and J. Scott; second, that the court erred in its judgment and decree in finding that the defendants R. and J. Scott and the plaintiff, Henry Huning, have no priority of right to the use of waters in said creek over the other defendants, and in finding, contrary to the evidence and verdict of the jury, that at all times there has been sufficient water in

the creek for said plaintiff and the defendants R. and J.
Scott; third, that the court erred in decreeing that plain-
tiff should pay one half of the compensation awarded the
water commissioner; fourth, that the court erred in decree-
ing that each party should pay his own costs, plaintiff hav-
ing sustained all the material allegations in this complaint,
was entitled to judgment against defendants for the costs by
him expended.

The first error assigned presents the most important issue,
if not in fact the all-important issue, in the case. The evi-
dence in the case was conclusive and uncontradicted that
Cooley, Huning's grantor, had secured the prior right to the
waters in question for the irrigation of the quantity of land
decreed Huning in this case, and that the same had been trans-
ferred by Cooley to Huning by deed of conveyance in proper
form, and for a valuable consideration. The jury found that
fact in plain language in their findings, as quoted herein.
The court, in his findings of fact, found the same, and further
found that the defendants R. and J. Scott were entitled to the
second right to the use of said waters, for the purpose of irri-
gating sixty and three fourths acres of land, requiring thirty-
seven miners' inches; and in the judgment rendered by the
court, and based upon the evidence, and findings on the special
issues by the jury, and the findings of fact by the court, the
court decreed "that the said Henry Huning do have the first
right to the use and enjoyment of the waters flowing in said
creek for the irrigation of 94 acres, as described in his said
complaint, to the extent of 59 miners' inches, and that each
of said defendants are enjoined from diverting the waters of
said creek in such a manner as to interfere with or interrupt
the enjoyment of said first right to the use thereof, which is
herein decreed to said plaintiff, Henry Huning." Following
this, the court decreed: "(c) That the said defendants R. and
J. Scott do have and enjoy the second right to the use of the
waters of said creek for the purpose of irrigating 60¾ acres of
land to the extent of 37 miners' inches, and that all parties
defendant to this suit are enjoined from so diverting the
waters as to in any wise interrupt or interfere with their
enjoyment of said right herein decreed to said R. and J.
Scott." In the light of the evidence in the case, and the find-
ings of the court and jury, the decrees above quoted are cor-

rect; and the further decree "that the said Henry Huning and defendants R. and J. Scott do have the first right to the use and enjoyment of said waters flowing in the creek," and "that neither plaintiff, Henry Huning, nor defendants R. and J. Scott, shall have priority of right to the use of the waters of said Show Low Creek, as above provided, and that they are entitled to prorate the flow of such stream in the above proportion in case of scarcity or failure in the flow thereof, so that each should fail to get, respectively, 59 and 37 miners' inches," are contradictory to and inconsistent with the decrees first quoted, are unsupported by the testimony, and should be eliminated from the judgment. The testimony in the case, the findings of the jury, as well as the findings of the court, clearly determined that Henry Huning had the first right to the amount of water decreed to him; and the court, in its judgment, recognized that fact, and decreed that he "had, and should have and enjoy, the first right to" that amount of water for the purpose of irrigating that acreage of land, after which it was error to decree that the Scott Brothers were on a parity with him, and that he enjoyed no priority as to them.

It is assigned as further error that the court found in its decree that the defendants R. and J. Scott and the plaintiff, Henry Huning, have no priority of right to the use of waters in said creek over the other defendants, and in finding, contrary to the evidence and the verdict of the jury, that at all times there had been sufficient water in the creek for plaintiff and defendants Scott.

The first error complained of in this assignment is incorrectly stated. The decree of the court did not decide that defendants R. and J. Scott and plaintiff, Henry Huning, had no priority of right as against the other defendants, but that they had no priority as against each other, thus putting them on a parity in the rights to use the water.

The second assignment is incorrectly stated, as no such decree is contained in the judgment, although the court did find among the findings of fact that there had at all times up to that date been sufficient water in the creek for plaintiff and defendants. That fact, however, is immaterial; and the court ignores it in the decree quoted above, wherein it provides that, in case of scarcity or failure in the flow of the creek Huning

and the Scotts should prorate the amount of water the creek might furnish. When the relative priority in which the rights exist is determined, it is immaterial whether or not the stream furnishes a sufficiency for all. The fact that the stream had before the date of trial furnished a sufficiency for all the parties litigant, or for a certain number of the parties litigant, would be no assurance that it would continue to furnish such sufficiency; and it is in order to provide for the proper distribution of the amount that may be furnished that the relative priority of the several rights enjoyed by the different parties are determined by the court.

The third and fourth assignments, maintaining that the court erred in decreeing that plaintiff should pay one half the compensation awarded the commissioner, and in decreeing that each party should pay his own costs, do not appear to be of sufficient importance to disturb the decision of the lower court. The compensation of the commissioner goes as a matter of costs in this case, and the costs in the case referred to in the fourth assignment are by our statute placed largely in the discretion of the court, and this court would not feel inclined to review or reverse the action of the lower court in the disposal of costs unless in case of an evident or gross abuse of such discretion.

The judgment of the district court should be modified by eliminating from the heading (B) thereof the first sentence, reading "that said Henry Huning and defendants R. and J. Scott do have the first right to the use and enjoyment of the waters flowing in the said creek during the irrigating season"; and by eliminating from the heading (c) of the said judgment the last sentence, reading "that neither plaintiff, Henry Huning, nor defendants R. and J. Scott shall have priority of right to the use of waters of said Show Low Creek, as above provided, but that they are entitled to prorate the flow of said stream in the above proportion in case of scarcity or failure in the flow thereof, so that each should fail to get, respectively, 59 and 37 miners' inches"; and by eliminating from heading (D) of said judgment the last sentence, containing the words, "If at any time said Porter shall show the court that he is in need of water, and that plaintiff and said R. and J. Scott are getting more water under this decree than required for their crops, then he may apply to this court or the judge thereof, as

herein provided, for all necessary relief.'' The judgment is therefore reversed and the case remanded, and the judge of the district court directed to modify the judgment as herein indicated and to enter judgment in the case as thus modified.

Street, C. J., and Davis, J., concur.

Sloan, J., took no part in this case, having been of counsel in the district court.